UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID ANTHONY LOVELL,

Plaintiff,

v.

HOWARD,

Defendant.

Case No. 25-cv-05623-HSG

**ORDER DISMISSING CASE**

Re: Dkt. No. 24

Pro se Plaintiff David Anthony Lovell failed to respond to the Court's Order to Show Cause, Dkt. No. 24. The Court **DISMISSES** Plaintiff's case without prejudice for failure to prosecute.

## I.    BACKGROUND

Plaintiff is an inmate at Alameda County Santa Rita Jail. On July 2, 2025, he filed this action, alleging that Defendant Deputy Howard pulled him into an isolation cell and knowingly gave Plaintiff food to which he was allergic, forcing Plaintiff to starve. Dkt. No. 1 at 3. Plaintiff alleges that while he remained in the "torture cell," officers played a high-pitched ringing sound on the intercom, which caused him to experience symptoms of tinnitus. *Id.* Plaintiff seeks damages and an injunction imposing a one-hour maximum limit for any prisoner sent to isolation cells in California. *Id.*

Plaintiff successfully served Defendant, Dkt. No. 9, and Defendant answered Plaintiff's complaint, Docket No. 11. But when the case management conference took place on December 4, 2025, Plaintiff did not appear. *See* Dkt. No. 15. On December 8, 2025, Judge Cisneros ordered Plaintiff to show cause why the case should not be dismissed, setting a deadline of January 8, 2026 for Plaintiff's response. Dkt. No. 16. Plaintiff did not respond. After the case was reassigned to

this Court, on February 9, 2026, the Court once again ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute given his failure to respond to Judge Cisneros' December 8, 2025 order, and the Court set a February 23, 2026 deadline for Plaintiff to respond. Dkt. No. 24. Plaintiff did not respond by the February 23, 2026 deadline (and has not responded to date).

## II.    DISCUSSION

The district court may dismiss a case for failure to prosecute or for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (stating that dismissal for failure to prosecute "operates as an adjudication on the merits" unless the order says otherwise).

Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik*, 963 F.2d at 1260–61. A court need not make "explicit findings in order to show that it has considered these factors," although such findings are preferred. *Id.* at 1261. Here, the Court finds that these factors weigh in favor of dismissal.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). That is true here. Plaintiff failed to respond to two orders to show cause. Dkt. Nos. 16, 24. Plaintiff has not communicated with the Court in the four months since the last order to show cause was issued. The Court is satisfied that Plaintiff's lack of responsiveness contravenes the "public's interest in expeditious resolution of litigation." *See*

United States District Court
Northern District of California

2

*Pagtalunan*, 291 F.3d at 642. This factor therefore weighs in favor of dismissal.

Second, it is "incumbent" upon courts "to manage [their] docket[s] without being subject to routine noncompliance" of litigants. *See id.* (citing *Ferdik*, 963 F.2d at 1261). Moreover, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff has demonstrated "routine noncompliance": he failed to timely respond to two Orders to Show Cause as detailed above. *See* Dkt. Nos. 16, 24. Plaintiff's noncompliance "has consumed some of the court's time that could have been devoted to other cases on the docket." *See Pagtalunan*, 291 F.3d at 642. This factor also weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Id.* (citation omitted). In *Malone*, which involved a Rule 41(b) dismissal for failure to comply with a court order, the district court found the plaintiff's excuse for her failure to comply with a pretrial order to be "groundless," justifying dismissal. *Id.* And in *Yourish*, which also involved plaintiffs who failed to obey a court order, the court concluded that the defendants had suffered "sufficient prejudice" where the plaintiffs had only a "paltry excuse" for why they failed to timely amend their complaint. 191 F.3d at 991–92. Here, Plaintiff has failed to timely not one but two show cause orders, and has offered no reason for his noncompliance. This factor therefore weighs in favor of dismissal.

Fourth, the Court has attempted to avail itself of less drastic alternatives that have proven ineffective in advancing the case. The Court entered two orders to show cause, expressly warning Plaintiff that his case was at risk of dismissal for failure to prosecute. *See* Dkt. Nos. 16, 24. He did not respond. This factor therefore weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1262 (stating that Ninth Circuit authority "suggest[s] that a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

United States District Court
Northern District of California

3

The last factor—the public policy favoring disposition on the merits—weighs against dismissal here, as it always will even when a party entirely fails to prosecute. *See Pagtalunan*, 291 F.3d at 643.

### III.   CONCLUSION

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Plaintiff's case for failure to prosecute is appropriate.  The Court thus **DISMISSES** this case under Fed. R. Civ. P. 41(b).  The Clerk is directed to enter judgment in favor of Defendant and close the case.

**IT IS SO ORDERED.**

Dated:   6/15/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

4